UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

RICKY DOUGLAS McCARLEY                                 PLAINTIFF

v.                                    CIVIL ACTION NO. 1:14CV-P64-M

TYLER GILL                                                 DEFENDANT

## MEMORANDUM OPINION

Plaintiff Ricky Douglas McCarley, a convicted prisoner currently incarcerated in the Kentucky State Reformatory, filed a *pro se* complaint under 42 U.S.C. § 1983. This matter is before the Court for initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss the complaint.

## I. SUMMARY OF CLAIMS

Plaintiff names Judge Tyler Gill[1] as the sole Defendant in this action. From the facts set forth in the complaint, it appears that Judge Gill presided over criminal court proceedings in which Plaintiff pled guilty to criminal charges brought against him. Plaintiff sues Judge Gill in his individual capacity seeking monetary damages.

In his complaint, Plaintiff states that on July 11, 2013, he entered a "plea that [he] Agree[d] to touching A 17 year old Female BREASt on, AuDIo and VIDEO to A term of 5 YEAR SENTENCE to RUN CONCURRENT with timE [he] wAs AlREAD[y] SERVIng AND, [he] SIgnED the CouRt chARge PAPERs AgaInst [him] . . . ." Plaintiff states that when he went back for final sentencing on July 25, 2013, Judge Gill breached the "SIGNED Agreement." According to Plaintiff, Judge Gill breached the plea agreement by running Plaintiff's sentence

---

[1] The Court takes judicial notice that Judge Gill is a circuit court judge in Logan County, Kentucky.

consecutive to rather than concurrent to a prior sentence he was serving. Plaintiff also states that the court papers he recently received state that he "sexually PENTERAtED the FemALE AND, [Judge Gill] BREACH ouR AgReement of the 1st ABUSE SexuAlly Assult AND, StAting that [he] RapED the GiRL which, [Plaintiff] NEVER DID AnD, [Plaintiff] DID Not PlEA Guilty to SexuAlly PENtERATION But, to touching the GIRLS BREAST." Plaintiff states that if he had known that Judge Gill "was gonna BREACh ouR AgRement [he] NEVER would have tAken the charge." Further, Plaintiff states that on July 25, 2013, Judge Gill did not let him review "the chArge pApers whIch [he] is ENtitlED to Do IN Court AND, [Judge Gill] wAs tRying PRetty GOOD to tAKe [him] to tRIAL which, Im thInkIng ENtRApmENt . . . ." Plaintiff states that he has "[n]ever BEEN CHARgED wIth or EVER AccusED oF NoNthing likE this EVER oR Any thIng SIMILAR to thIs kINd of chARge AND [Judge Gill] totAlly Put AgANist [Plaintiff] 20 YEARSs REgISTER Sex OFFENDER AND 5 YEARS ConDItIonally DIschArge AND StAtEs thAt [Plaintiff is] At HIgh RIsk oF DoIng this KIND of thIng AgaIN."

Plaintiff states that he is suing Judge Gill for

> [b]REACH of contRAct (AgReement PlEA). PREJURIE fAlsifing charge PApeRS, prejudice AgINIST whAt [he] was 1st PlEA BARgIN guilty to AND chAnge to SexuAlly PENtRAtion, DAmaging [his] NAMe In Public NEwspAper, RADIo StAtIoN AND, In public tAlk of people ABout [him], mENtAL AND EmotIonAlly ABusE, suffeRing BECAUSE Now [he] hAvE to ExplAIn to thIs Sex class [he has] to tAKE at K.S.R., to sAy thAt [he] Done whAt [Judge Gill] hAs wRItten In [his] couRt chARge PApeRs so, thAt [he] want get KICKED out of the clAss FOR SAYIing something DIFFERENT whIch [he] tRuly PLEA to.

## II. **STANDARD OF REVIEW**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of

2

the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers*, *USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments

and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. <u>ANALYSIS</u>

#### A. *Judicial Immunity*

Judge Gill is immune from liability in his individual capacity. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "[I]mmunity is overcome in only two sets of circumstances." *Id.*

"First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judges's judicial capacity." *Id.* "Whether an action is judicial depends on the nature and function of the act, not the act itself." *Ireland v. Tunis*, 113 F.3d 1435, 1440-41 (6th Cir. 1997) (quoting *Mireles v. Waco*, 502 U.S. at 13) (internal quotation marks omitted). Two factors are used to perform this functional analysis. *Id*. at 1441. Courts must first determine whether the act "'is a function normally performed by a judge.'" *DePiero v. City of Macedonia*, 180 F.3d 770, 784 (6th Cir. 1999) (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). Second, "courts must assess whether the parties dealt with the judge in his or her judicial capacity." *Id.*

"Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. at 12. A judge acts in clear absence of all jurisdiction only if the matter acted upon is clearly outside the subject matter of his court. *Ireland v. Tunis*, 113 F.3d at 1441. Acting in error, maliciously, or in excess of his authority is not enough. *Stump v. Sparkman*, 435 U.S. at 355.

In the present case, the alleged wrongful acts about which Plaintiff complains involve rulings and decisions Judge Gill made in his capacity as a state court judge during the course of presiding over Plaintiff's criminal proceedings. Presiding over a criminal proceeding and making decisions therein are functions normally performed by a judge, and Plaintiff dealt with Judge Gill in his capacity as a judge. Therefore, the alleged wrongful acts performed by Judge Gill were judicial in nature. Further, because Kentucky district courts (KRS §§ 24A.010 *et seq.*) and circuit courts (KRS §§ 23A.010 *et seq.*) have subject matter jurisdiction over criminal matters, Plaintiff has not shown that Judge Gill acted "in clear absence of all jurisdiction."

As such, Judge Gill is absolutely immune from liability, and the federal claims against him must be dismissed.

## B. *Heck v. Humphrey*

Plaintiff's claims are also barred under the *Heck* doctrine. Under this doctrine:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Thereafter, the Supreme Court held that *Heck* and its progeny indicate that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

The claims Plaintiff makes, if successful, would necessarily demonstrate the invalidity of his conviction and/or sentence. Therefore, his federal claims must also be dismissed since they are barred by the *Heck* doctrine.

*C. State-Law Claims*

In his complaint, Plaintiff alleges various state-law claims. To the extent he is attempting to bring state-law claims in this action, the Court declines to exercise supplemental jurisdiction over such claims. Under 28 U.S.C. § 1367(c), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the Court will dismiss the federal claims over which it has original jurisdiction, it will decline to exercise supplemental jurisdiction over the state-law claims and dismiss them without prejudice. *See Runkle v. Fleming*, 435 F. App'x 483, 486 (6th Cir. 2011) ("[W]hen, as here, 'all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims.'") (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)).

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court will dismiss this complaint by separate Order.

Date: July 22, 2014

*[Signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendant
4414.003